**UNITED STATES of America,**
**Appellant,**

v.

**Eugene V. WEHRHEIM and Clinton Peterson d/b/a Wehrheim-Peterson Sales Pavilion, Appellees.**

**No. 17490.**

United States Court of Appeals
Eighth Circuit.

June 9, 1964.

Robert V. Zener, Atty., Civil Div., Dept. of Justice, Washington, D. C., made argument for appellant and filed brief with John W. Douglas, Asst. Atty. Gen., Washington, D. C., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., and Donald E. O'Brien, U. S. Atty., Sioux City, Iowa.

William D. Guthrie, Webster City, Iowa, made argument, Guthrie & Blackburn, Webster City, Iowa, on the brief, for appellees.

Before VOGEL, MATTHES and BLACKMUN, Circuit Judges.

VOGEL, Circuit Judge.

The United States brought this action under § 303 of the Packers and Stockyards Act, 42 Stat. 159, as amended, 7 U.S.C.A. § 181 et seq., to recover civil penalties because of defendants-appellees' operations as a market agency without registration under the Act. The case was submitted to the District Court on a stipulation of facts. The District Court granted summary judgment to the defendants, holding that the defendants' failure to furnish the bond required by

the Act could not form a basis for the administrative refusal to accept defendants' registration.

7 U.S.C.A. § 201(c) of the Packers and Stockyards Act provides:

"The term 'market agency' means any person engaged in the business of (1) buying or selling in commerce livestock on a commission basis or (2) furnishing stockyard services;"

7 U.S.C.A. § 203, *"Registration of stockyard dealer or market agency; penalty for failure to register"*, provides:

*"After the expiration of thirty days* after the Secretary has given *public notice* that any stockyard is within the definition of section 202 of this title *by posting* copies of such notice in the stockyard, *no person shall carry on the business of a market agency or dealer at such stockyard unless he has registered with the Secretary under such rules and regulations as the Secretary may prescribe,* his name and address, the character of business in which he is engaged, and the kinds of stockyard services, if any, which he furnishes at such stockyard. *Every other person operating as a market agency or dealer as defined in section 201 of this title may be required to register in such manner as the Secretary may prescribe.* Whoever violates the provisions of this section shall be liable to a penalty of not more than $500 for each such offense and not more than $25 for each day it continues, which shall accrue to the United States and may be recovered in a civil action brought by the United States." (Emphasis supplied.)

7 U.S.C.A. § 204 specifically provides:

"§ 204. *Bond and suspension of registrants*

"On and after July 12, 1943 *the Secretary may require reasonable bonds from every market agency and dealer, under such rules and regulations as he may prescribe,* to secure the performance of their obligations, and whenever, after due notice and hearing, the Secretary finds any registrant is insolvent or has violated any provisions of this chapter he may issue an order suspending such registrant for a reasonable specified period. Such order of suspension shall take effect within not less than five days, unless suspended or modified or set aside by the Secretary or a court of competent jurisdiction." (Emphasis supplied.)

7 U.S.C.A. § 228 also gives the Secretary authority to

" * * * make such rules, regulations, and orders as may be necessary to carry out the provisions of this chapter * * *."

The Secretary has promulgated regulations requiring that any person operating or desiring to operate as a market agency shall apply for registration on forms supplied by the Director or District Supervisor, such forms to contain the information required therein and concurrently with such application forms shall file a bond. 9 C.F.R. § 201.10(a), § 201.29.

"§ 201.10 *Requirements and procedures.*

"(a) Every person operating or desiring to operate as a market agency or dealer as defined in section 301 [7 U.S.C.A. § 201] of the act *shall apply for registration under the act by filing,* on forms which will be supplied by the Director or any District Supervisor on request, *a properly executed application containing all the information required by such forms, and shall, concurrently with the filing of such application, file the bond required in § 201.29.* * * * " (Emphasis supplied.)

"§ 201.29 *Market agencies and dealers to file on or before commencing operations.*

"*Every market agency and dealer,* except packer buyers registered as dealers to purchase livestock for slaughter only, *shall, on or before*

*the date of commencement of operations, execute and thereafter maintain,* or cause to be executed and thereafter maintained, *a reasonable bond,* to a suitable trustee, *to secure the performance of obligations incurred as such market agency or dealer: * * * "* (Emphasis supplied.)

The facts, based on a stipulation between the parties, indicated the following:

1. V. H. Wehrheim operated the premises as a market agency from 1939 until his death December 28, 1959.

2. The premises occupied and operated by V. H. Wehrheim were posted by notice on May 19, 1959. Following V. H. Wehrheim's death his executors continued the business until July 1, 1960. The premises were not de-posted thereafter but stood vacant until they were leased by the defendants herein.

3. The defendants did not purchase or continue the business of V. H. Wehrheim but operated a new business.

4. Defendants commenced holding sales on February 11, 1961, and held sales a total of 37 days including February 11 and 18, 1961.

5. The Packers and Stockyards Division advised the defendants by letter dated February 23, 1961, that defendants were within the provisions of the Act and were required to register and provide bond. They were advised of the amount and form of the bond required and were furnished with application for registration Form PS–116 and otherwise informed as to filing tariff of charges, etc.

6. Thereafter defendants filed tariff and completed application for registration Form PS–116 but failed in their efforts to secure and file a $20,000 bond as required by the Packers and Stockyards Division.

7. On August 21, 1961, the Packers and Stockyards Division notified the defendants to cease operations. Nevertheless, defendants conducted sales on two business days thereafter, August 26, 1961, and September 2, 1961.

8. On December 15, 1961, the defendants, after having been turned down by some ten bonding companies, were successful in obtaining as an indemnitor the mother of one of the defendants who consented to so act for consideration to her of $10 per week. Bond was accordingly acquired and filed.

9. The average volume of sales of the defendants for the 37 days of operation in which they had operated without bond was $15,000 per sale day.

On December 11, 1961, the United States commenced this action, seeking the civil penalty provided for under 7 U.S.C.A. § 203 and an injunction against the further conduct of business without registration. The prayer for injunctive relief was withdrawn after the defendants obtained a bond on December 15, 1961, thus completing registration. The case was submitted to the District Court under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., asking for summary judgment upon the agreed statements of facts. The District Court held:

1. Defendants operated a market agency.

2. Defendants were required to register "by reason of the notice sent to them that they should register".

3. Defendants did register.

4. Filing of bond is not a necessary part of registration.

The court was of the opinion that 7 U.S.C.A. § 204, providing that a "registrant" may be suspended for any violation of the Act prescribes an adequate penalty for failure to furnish a bond and that the Secretary could not and did not make the furnishing of a bond such a part of registration as to subject defendants to the penalties of § 303, 7 U.S.C.A. § 203. This appeal followed.

This case involves statutory interpretation of those portions of the Packers and Stockyards Act to which reference has been made. The District Court and counsel for the parties advise that this is a case of first impression and that they have been unable to find helpful decisions construing the Packers and Stockyards

Act in these particulars.[1] The basic question seems to be whether or not the Secretary of Agriculture is required to register a market agency which has not fulfilled the bonding requirements of the Act and as detailed in the regulations.

We think the District Court was in error; that the defendants did not properly complete registration when they failed to file the required bond, and that they were therefore subject to the penalties provided by 7 U.S.C.A. § 203. The defendants, claiming that they did everything required for registration, argue that the requirements of registration under 7 U.S.C.A. § 203 are limited to supplying the specified information, "his name and address, the character of business in which he is engaged, and the kinds of stockyards services, if any, which he furnishes at such stockyard", and that the word "register" cannot be understood to mean anything more. We disagree. Inasmuch as defendants were not operating a "posted" market agency, it is the second sentence of 7 U.S.C.A. § 203 which is applicable. It provides:

> " * * * Every other person operating as a market agency or dealer as defined in section 201 of this title *may be required to register in such manner as the Secretary may prescribe.*" (Emphasis supplied.)

The defendants were such market agency and were required to register and were so notified by the Packers and Stockyards Division by letter dated February 23, 1961. The defendants possessed no basic or inherent right to operate. To function as a market agency they had to first satisfy the legal preliminaries contained in the statute and regulations. 7 U.S.C.A. § 204 provides that the Secretary "may require reasonable bonds from every market agency and dealer, under such rules and regulations as he may prescribe, to secure the performance of their obli-

gations * * *." The Secretary's regulations, 9 C.F.R. § 201.10(a) and § 201.-29 are in specific compliance with the authority granted by 7 U.S.C.A. § 204. The statute provides for registration "under such rules and regulations as the Secretary may prescribe" and "in such manner as the Secretary may prescribe". 7 U.S.C.A. § 203. 7 U.S.C.A. § 228 is additional authority for the Secretary's promulgation of rules and regulations necessary to carry out the provisions of the law. American Trucking Ass'ns v. United States, 1953, 344 U.S. 298, 73 S.Ct. 307, 97 L.Ed. 337, held similar language in the Interstate Commerce Act to justify regulations for which there was no specific statutory authority on the ground that the practices at which the regulations were directed violated the policy, although not the letter, of the Act.

Here the Secretary's regulation requiring that an application for registration be accompanied by a bond in an amount specified had Congressional grounding in the statute. It was directed against the evil of a market agency operating without bond, whereby the public welfare might be jeopardized, plainly a violation of the spirit of the Act. Acceptance of the District Court's holding to the effect that a market agency was entitled as a matter of right to be registered, despite its refusal or inability to furnish the bond required by the regulation, would mean that an applicant could, without demonstrating his compliance with the Act, and without furnishing the required security, obtain a license to operate and thus subject livestock producers to financial hazard while he debated over the bonding requirements of the statute and regulations. The requirement of a bond as a safeguard in the operation of market agencies is a reasonable and necessary provision. It protects the pub-

---

1. But see Judge Woodrough's statement for this court in Hartford Accident & Indemnity Co. v. Baldwin, 8 Cir., 1958, 262 F.2d 202, 203:

> " * * * In order to complete his qualifications to buy and sell as a dealer at the federally regulated public yards, he was required to give a bond to secure payment for the cattle he bought there and he executed the bond here in suit to comply with that requirement."

lic in its dealings with market agencies and lends to the stabilization of the livestock marketing industry. We believe Congress had this specifically in mind in the passage of 7 U.S.C.A. § 204, supra, and that the Secretary, in refusing to register the defendants without the concurrent filing of the bond required by his regulations, was merely carrying out Congressional intent. We conclude that the purposes of the Act would be defeated by any other interpretation and that the necessity for the statutory provision with reference to bonds and the Secretary's regulations are amply justified. Authorities relied on by the defendants to give partial support to the District Court's conclusion deal with criminal prosecutions and raise no bar to the enforcement of the civil penalties provided for in the Packers and Stockyards Act.

This case is reversed and remanded to the District Court with instructions to enter judgment in favor of the United States for such amounts as the District Court shall in its discretion determine to be reasonably proper, not exceeding the maximums fixed by the statute.